UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-01152-JLS-KS                                  Date: March 20, 2026
Title:  Manish Kumar v. Pam Bondi et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

<table>
<tr><td>Kelly Davis</td><td>N/A</td></tr>
<tr><td>Deputy Clerk</td><td>Court Reporter</td></tr>
</table>

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendant:

Not Present                                          Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER (Doc. 2)**

Before the Court is an Ex Parte Application for a Temporary Restraining Order filed by Petitioner Manish Kumar.  (TRO App., Doc. 2.)  Respondents Pamela Bondi, Patricia Colbert, Thomas Giles, Todd Lyons, and Kristi Noem responded, and Petitioner filed an additional reply.  (Opp., Doc. 6; Reply, Doc. 7.)  For the reasons described below, the Court GRANTS the application.

I.      **BACKGROUND**

Petitioner Manish Kumar is a citizen of India who is currently detained by Immigration and Customs Enforcement ("ICE") in Adelanto, California.  (Pet. ¶¶ 1, 13, Doc. 1.)  Kumar entered the United States around April 22, 2023 without inspection.  (*Id.* ¶ 15.)  He was released from detention on April 24, 2023 under an Order of Release on Own Recognizance.  (*Id.* ¶ 16.)  Petitioner has been preparing for an asylum claim hearing, and on March 2, 2026, U.S. Customs and Immigration Service approved his Form I-360.  (*Id.* ¶¶ 19, 20.)  On March 3, 2026, Kumar was apprehended by ICE and taken into custody.  (*Id.* ¶ 23.)  ICE asserts that Kumar is subject to mandatory detention

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-01152-JLS-KS                              Date: March 20, 2026
Title:  Manish Kumar v. Pam Bondi et al

under 8 U.S.C. § 1225(b).  (*Id.* at 2; TRO App. ¶ 3.)  To date, Kumar remains detained and has not been afforded a bond hearing.  (*Id.* at 1–2.)

On March 12, 2026, Kumar filed a Petition for a Writ of Habeas Corpus and the instant Motion for a Temporary Restraining Order and Preliminary Injunction.  (Pet.; Mot.)  Petitioner brings four claims for (1) Unlawful Denial of Bond Hearings in Violation of 8 U.S.C. § 1226(a); (2) Unlawful Denial of Bond in Violation of the Administrative Procedure Act; (3) Unconstitutional Detention in Violation of the Fifth Amendment; (4) Unlawful Detention in Violation of Regulatory Provisions.  (Pet. ¶¶ 69–83.)

## II.    LEGAL STANDARD

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction."  *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  Like a preliminary injunction, a temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  "The underlying purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held."  *Jones v. H.S.B.C. (USA)*, 844 F. Supp. 2d 1099, 1100 (S.D. Cal. 2012) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974)).

To obtain a temporary restraining order ("TRO"), a plaintiff "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that [a TRO] is in the public interest."  *Winter*, 555 U.S. at 22.  This "requires the plaintiff to make a showing on all four prongs."  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  Alternatively, under the Ninth Circuit's sliding

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-01152-JLS-KS                    Date: March 20, 2026
Title:  Manish Kumar v. Pam Bondi et al

scale test, a plaintiff may obtain a TRO by showing "that there are 'serious questions going to the merits'" and that "the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies*, 632 F.3d at 1135) (emphasis omitted).  The final two *Winter* factors "merge" when a TRO is sought against the government.  *Nken v. Holder*, 556 U.S. 418, 435 (2009).

## III.   ANALYSIS

### A.   Likelihood of Success

Kumar's Petition asserts four claims for relief.  However, a showing of a "likelihood of success on even just one claim is sufficient [for injunctive relief] as long as that claim would support the injunctive relief sought."  *Citibank, N.A. v. Mitchell*, 2024 WL 4906076, at *3 (N.D. Cal. Nov. 26, 2024) (citing *Dowl v. Williams*, 2018 WL 2392498, at *1 (D. Alaska May 25, 2018) and *League of Wilderness Defs./Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 766 n.3 (9th Cir. 2014)).  Because the Court concludes that Kumar has established that there are at least "serious questions going to the merits" of his Statutory Claim for violation of 8 U.S.C. § 1226(a) and his Due Process claim, and because Kumar shows that "the balance of hardships tips sharply" in his favor, a TRO may issue.  *Alliance for the Wild Rockies*, 632 F.3d at 1135.

### 1.   Statutory Claim

Petitioner argues that his detention without a bond hearing pursuant to 8 U.S.C. § 1225(b)(2) violates his right to a hearing under 8 U.S.C. § 1226(a).  Citing to *Maldonado Bautista v. Santacruz*, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), Respondents concede that Kumar is entitled to an order for "a bond hearing to be held before an Immigration Judge under Section 1226(a)." (Opp. at 2.)  In *Bautista*, another Court in this district certified a class including those who, like Petitioner here, were detained pursuant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-01152-JLS-KS                    Date: March 20, 2026
Title:  Manish Kumar v. Pam Bondi et al

to 8 U.S.C. § 1225(b)(2) without a bond hearing as required by 8 U.S.C. § 1226(a) pursuant to a new policy proffered by the Department of Homeland Security ("DHS"). 2025 WL 3713987, at *28–29.  On December 18, 2025 the *Bautista* court granted declaratory judgment in favor of the Bond Eligible Class and vacated the DHS policy under the APA.  *See* 2025 WL 3713987, at *11, 32.  Petitioner's claim in this action appears to be subject to the *Bautista* judgment.

The Court agrees with Respondents that Petitioner is a member of the *Bautista* Bond Eligible Class and therefore is likely to succeed in challenging his continued detention without a hearing.  While Respondents do not raise the legal issues addressed by *Bautista* independently here, numerous Courts in this district have done so and granted similar TRO requests.  *See, e.g.*, *Mosqueda v. Noem*, 5:25-cv-02304-CAS-BFM, 2025 WL 2591530, at *4–5 (C.D. Cal. Sept. 8, 2025); *Vasquez v. Noem*, 5:25-cv-3087-FWSSP, 2025 WL 4056018, at *4–5 (C.D. Cal. Nov. 19, 2025); *Vishal Vishal v. Warden, Adelanto ICE Processing Ctr.*, 5:26-cv-269-MWF-DFM, 2026 WL 300263, at *1 (C.D. Cal. Feb. 3, 2026) (collecting cases).  Independently of the *Bautista* judgment, the Court agrees with the reasoning of fellow courts in this district reached over the course of a high volume of litigation.  Petitioner is therefore likely to succeed on his statutory claim that he is entitled to a bond hearing pursuant to § 1226(a).

> **2.      Due Process Claim**

Under the Due Process Clause, "[n]o person shall be . . . deprived of life, liberty, or property without due process of law[.]"  U.S. CONST. art. V.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citation omitted).  "[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process[.]" *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017).  It is "well established that aliens facing deportation from this country are entitled to due process rights." *Walters v. Reno*, 145

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-01152-JLS-KS                           Date: March 20, 2026
Title:  Manish Kumar v. Pam Bondi et al

F.3d 1032, 1037 (9th Cir. 1998).  The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property."  *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

Under the *Mathews v. Eldridge* framework, courts analyzing a procedural due process claim consider: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  424 U.S. 319, 335 (1976); *see Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022) (applying the *Mathews* factors to evaluate a noncitizen's due process challenge to his detention).

Kumar's continued detention plainly impacts a substantial liberty interest. Kumar's release under his own recognizance "implied a promise that [he] would not be re-detained so long as [he] abided by the terms of [his] release."  *Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *7 (N.D. Cal. Sept. 12, 2025).  DHS's decision to release petitioner "necessarily involved" a determination that he was not a danger to the community nor a flight risk.  *Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 934 (N.D. Cal. Sept. 25, 2025).  "Having met the conditions imposed by the government upon [his] release," Petitioner has a liberty interest in his continued freedom.  *Id.*

The nature of this liberty interest is similar—if not "arguably greater" given its civil context—than that recognized as within Constitutional protection by the Supreme Court in *Morrisey v. Brewer*, 408 U.S. 471 (192).  *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (2019) (citing *Morrisey*, 408 U.S. at 482).  As with the criminal parolees in *Morrisey*, Kumar's release "enables [him] to do a wide range of things open to persons" who have never been in custody or convicted of a crime, such as "be gainfully employed and [] free to be with family and friends and to form the other enduring attachments of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-01152-JLS-KS                                        Date: March 20, 2026
Title:  Manish Kumar v. Pam Bondi et al

normal life." 408 U.S. at 482. Kumar has lived in the United States since 2023. (Pet. ¶¶ 14–16.) He has no criminal record. (*Id.* ¶ 24.) Since coming to the United States, he has been adjudicated as a Special Immigrant Juvenile, and is under the care of his court-appointed United States Legal Permanent Resident Guardian. (TRO App. ¶ 1). He has pursued his asylum claim diligently, built community ties, and maintained gainful employment. (*Id.* ¶ 1; TRO App. ¶ 32.) Petitioner has a substantial liberty interest.

Further, detention without notice or a hearing creates a strong risk of erroneous deprivation of Petitioner's liberty interest. Civil detention is "nonpunitive in purpose" and warranted only when Petitioner poses a flight risk or a danger to his community. *Zadvydas*, 533 U.S. at 690. There is no evidence before the Court that justifies Petitioner's detention under this framework. As discussed, Petitioner was released on his own recognizance after initial detention, involving a determination that he was not a flight risk or a danger to his community. Respondents have put forth no evidence suggesting to the Court that Petitioner's circumstances have changed, or that his detention otherwise serves either necessary purpose. The record before the Court suggests that Petitioner is gainfully employed, an active member of his community, and under the supervision of his Legal Resident Guardian. (TRO App. ¶¶ 1, 32.)

Nor is the risk of erroneous deprivation of Petitioner's liberty interest cured by a post-arrest bond hearing before an immigration judge. There remains a substantial risk that Respondents have erroneously deprived Petitioner of his liberty by re-arresting him "without first providing an opportunity for [him] to demonstrate why [his] detention is unlawful." *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1089 (N.D. Cal. 2025). Without a pre-deprivation hearing to determine the need for Petitioner's detention, "there is a significant risk" that the deprivation of his liberty "in the time between [his] arrest and a post-arrest bond hearing under § 1226 would be entirely unjustified." *Id.* Thus, there is a substantial risk of an erroneous liberty deprivation throughout Plaintiff's ongoing detention without notice or a pre-arrest hearing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-01152-JLS-KS                                Date: March 20, 2026
Title:  Manish Kumar v. Pam Bondi et al

Lastly, Respondents' interest in incarcerating Petitioner is low.  The government has an "obvious interest in protecting the public from dangerous criminal aliens" and preventing flight to "increase the chance that, if ordered removed, the aliens will be successfully removed."  *Rodriguez Diaz*, 53 F.4th at 1208.  Again, however, Petitioner was already detained and then released on his own recognizance, demonstrating that he was not believed to be a flight risk or danger to the public.  And Respondents put forth no evidence that there was any change in circumstances justifying his detention.  Thus, Respondent do not have a strong interest in his detention.  Further, as other Courts have found, the cost of detaining Petitioner pending a bond hearing likely significantly exceeds that of providing a pre-detention hearing.  *See Pablo Sequen*, 806 F. Supp. 3d at 1090; *Narwal v. Semaia*, 2026 WL 638651, at *5 (C.D. Cal. March 4, 2026).

Accordingly, all three *Matthews* factors favor Petitioner's right to a hearing prior to re-arrest or detention.  Petitioner is therefore likely to succeed on the merits of his due process claim.

### B.      Irreparable Harm, Balance of the Equities, and Public Interest

The remaining *Winter* factors weigh in favor of granting a TRO.  First, absent injunctive relief, Petitioner will continue to suffer irreparable injury.  "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'"  *Hernandez v. Sessions*, 872 F.3d at 994 (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)).  Petitioner alleges deprivation of such rights.  (Pet. ¶¶ 77–81.)

Furthermore, Petitioner is suffering the kind of "harms imposed on anyone subject to immigration detention[,]" which the Ninth Circuit has recognized constitute irreparable harm.  *Diaz v. Kaiser*, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025) (quoting *Hernandez v. Sessions*, 872 F.3d at 995).  Petitioner asserts that his conditions have caused "severe physical and emotional strain."  (Pet. ¶ 26.)  Petitioner and others detained

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-01152-JLS-KS                          Date: March 20, 2026
Title:  Manish Kumar v. Pam Bondi et al

at Adelanto "have reported chronically cold temperatures, inadequate clothing and bedding, prolonged isolation, sanitation deficiencies, and significant barriers to medical care." (*Id.*)  These conditions have exacerbated Petitioner's pre-existing symptoms, including by "worsening his headaches, chest pain, respiratory difficulties, sleep disruption, anxiety, and depression." (*Id.*)

Finally, the Court turns to the last two *Winter* factors: the balance of the equities and the public interest.  The final two *Winter* factors merge when the opposing party is the government.  *See Nken*, 556 U.S. at 435.  "A plaintiff's likelihood of success on the merits of a constitutional claim also tips the merged third and fourth factors decisively in his favor." *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023).  This is because "it is always in the public interest to prevent the violation of a party's constitutional rights" and "[t]he government [ ] cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Id.* (quotation and citations omitted).

Comparatively, any potential harm to Respondents is minimal.  Respondents have not meaningfully opposed Petitioner's likelihood of success on the merits of his statutory or due process claim, including by putting forth any evidence that he is a flight risk or danger to his community.  But while the public has an interest in the efficient execution of this country's immigration laws, it also has a "strong interest in upholding procedural protections against unlawful detention . . . and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Jorge M. F. v. Wilkinson*, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (cleaned up) (citing *Vargas v. Jennings*, 2020 WL 5074312, at *4 (N.D. Cal. Aug. 23, 2020) and *Hernandez v. Sessions*, 872 F.3d at 996).  Considering these interests, alongside the lack of any evidence of flight risk or criminal history, Petitioner's strong ties to his community, and the harm he is likely to suffer as a result of his continued detention, the Court determines that the balance of hardships tip sharply in favor of granting a TRO.  *See Sun v. Santacruz*, 2025 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-01152-JLS-KS                           Date: March 20, 2026
Title:  Manish Kumar v. Pam Bondi et al

2730235, at *7 (C.D. Cal. Aug. 26, 2025) (reaching similar conclusion); *Lepe v. Andrews*, 2025 WL 2716910, at *10 (E.D. Cal. Sept. 23, 2025) (similar).

In sum, Petitioner has sufficiently shown that there are serious questions going to the merits of his claim, that the balance of hardships tip "sharply" in his favor, and that the other two *Winter* factors are satisfied.  *Alliance for the Wild Rockies*, 632 F.3d at 1135.  Petitioner is therefore entitled to a TRO.

### C.    Remedy

The purpose of a TRO is in "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing."  *Granny Goose*, 415 U.S. 423, 436 (1974).  For the purposes of a TRO, the status quo refers to "the last uncontested status which preceded the pending controversy."  *Narwal*, 2026 WL 638651, at *5 (quoting *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000)).  Given that Petitioner was released on his own recognizance with no evidence supporting a redetermination of that status, the status quo is "the moment prior to [Petitioner's] likely illegal detention."  *Valencia Zapata*, 2025 WL 2578207, at *4.  Therefore, a TRO immediately releasing Petitioner is appropriate.

### D.    Bond

Pursuant to Rule 65, a court "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  A district court has "discretion as to the amount of security required, *if any*."  *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (quoting *Barahona–Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999)) (emphasis in original, further citation omitted).  A court "may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-01152-JLS-KS                          Date: March 20, 2026
Title:  Manish Kumar v. Pam Bondi et al

enjoining his or her conduct." *Id.*  Respondents make no argument that security should be required or that they are likely to suffer harm if their conduct is enjoined.  In any case, there is minimal-to-no risk of harm to the government when it is enjoined from constitutional violations.  *See Baird*, 81 F.4th at 1042.  For these reasons, the Court concludes that no security is required.

**IV.    CONCLUSION**

For these reasons, Petitioner's Application is GRANTED.

- Respondents are ORDERED to release Petitioner forthwith, subject to the same conditions that were in effect before his re-detention, if any existed.

- Respondents are temporarily ENJOINED from re-detaining Petitioner without notice of the reasons for the re-detention and without a pre-deprivation hearing before a neutral decisionmaker, unless special circumstances exist that justify immediate re-detention and a post-deprivation hearing.

- This Order shall remain in effect through **April 3, 2026**, unless the Court extends this period, before that date, and for good cause.  Fed. R. Civ. P. 65(b)(2).  If Respondents wish to further brief the matter, they may file a further response no later than **March 24, 2026**.  Petitioner may reply no later than **March 27, 2026**.  The Court shall hold a hearing on **April 1, 2026** at 10:30 a.m. as to why a preliminary injunction should not issue.[1]

Initials of Deputy Clerk: kd

---

[1] The parties may seek to extend these deadlines by stipulation.