UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-01152-JLS-KS                              Date: March 30, 2026
Title:  Manish Kumar v. Pam Bondi et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER VACATING HEARING AND ENTERING PRELIMINARY INJUNCTION AS TO RESPONDENTS PAM BONDI, KRISTI NOEM, TODD LYONS, THOMAS GILES, AND PATRICIA COLBERT**

On March 20, 2026, the Court granted Petitioner Manish Kumar's *ex parte* Application for a Temporary Restraining Order ("TRO"), ordering his immediate release from detention by Immigration and Customs Enforcement ("ICE").  (Order Granting TRO, Doc. 9.)  The Court set a hearing on April 1, 2026 as to why a preliminary injunction should not issue.  (*Id.* at 10.)  The Court ordered Respondents to file opposition to a preliminary injunction by March 24, 2026.  (*Id.*)  Respondents made no opposition, and Petitioner submitted no further briefing.  In light of Respondents' failure to file any additional papers after the issuance of the TRO, and for the reasons stated below, the Court vacates the hearing set for April 1, 2026, and GRANTS Petitioner's request for a preliminary injunction.

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  In issuing the TRO, the Court found that Petitioner made a sufficient showing under each of the *Winter* factors with regards to Petitioner's likely success on his claim that his detention without notice or a hearing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-01152-JLS-KS                          Date: March 30, 2026
Title:  Manish Kumar v. Pam Bondi et al

violates his due process rights.  (*See generally* TRO; *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).)  Particularly in light of Respondents' failure to file any further opposition, the Court sees no reason to depart from its previous analysis and incorporates that analysis herein.

Accordingly, the Court ORDERS as follows:

1. Petitioner shall remain released, subject to the same conditions that were in effect before his re-detention, if any existed.

2. Respondents, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with Respondents shall not arrest or detain Petitioner without written notice provided to Petitioner and his counsel, and a pre-deprivation hearing before a neutral arbiter to evaluate whether Petitioner's re-detention is warranted based on flight risk or a danger to the community, unless special circumstances exist that justify immediate re-detention and a post-deprivation hearing.

3. This Preliminary Injunction shall take effect immediately and shall remain in effect pending resolution of the merits of this case or further order of this Court.

4. The Court exercises its discretion to waive the requirement to post a bond.

5. Proceedings on the merits of Petitioner's underlying Habeas Petition will continue before the Magistrate Judge, including any determination of mootness.

Initials of Deputy Clerk: kd